

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00078-CR

Antonio Lee **GREY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR5530
Honorable Benjamin Robertson, Judge Presiding

Opinion by:    Adrian A. Spears II, Justice

Sitting:       Lori I. Valenzuela, Justice
               Adrian A. Spears II, Justice
               H. Todd McCray, Justice

Delivered and Filed: April 15, 2026

AFFIRMED

On January 20, 2023, after pleading nolo contendere to the charge of aggravated assault with a deadly weapon, Antonio Lee Grey was placed on deferred adjudication community supervision for a period of five years. On August 27, 2024, the State filed a motion to enter adjudication of guilt and revoke Grey's community supervision. At the revocation hearing, Grey pled true to having violated a condition of his community supervision. On January 28, 2025, the

trial court granted the State's motion to revoke, adjudicated Grey guilty, and sentenced Grey to four years of imprisonment. Grey appealed.

Grey's court-appointed appellate counsel has filed a brief and motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). With citations to the record and legal authority, counsel's brief explains why no arguable points of error exist for review and concludes that this appeal is frivolous and without merit. *See id*. at 744-45; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *See Anders*, 386 U.S. at 744-45; *High*, 573 S.W.2d at 812-13. In compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), counsel certified that he served copies of the brief and motion to withdraw on Grey, informed Grey of his right to review the record and file a pro se brief, and provided Grey with a copy of the appellate record. This court subsequently set a deadline for Grey to file a pro se brief. Grey did not file a pro se brief.

After reviewing the appellate record, the *Anders* brief, and the State's response, we conclude that there are no arguable grounds for appeal, and the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (noting court of appeals should not address merits of issues raised in *Anders* brief or pro se response, but should only determine if the appeal is frivolous). Therefore, we affirm the judgment of the trial court and grant appellate counsel's motion to withdraw.[1] *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex.

---

[1]No substitute counsel will be appointed. Should Grey wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or from "the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals." *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id*. R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id*. R. 68.4.

App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

Adrian A. Spears II, Justice

DO NOT PUBLISH